# 470

809 A.2d 706

Hunter COCHRANE

v.

The MAYOR AND CITY COUNCIL OF BALTIMORE, et al.

No. 744, Sept. Term, 2001.

Court of Special Appeals of Maryland.

Oct. 30, 2002.

A. Keith Weiner (Pettit & Weiner, LLC on the Brief), Baltimore, for appellant.

Paul A. Dorf (F. Kirk Kolodner, Gregory M. Kline, Adelberg, Rudow, Dorf & Hendler, LLC on the brief, for appellee, AT&T), Baltimore, MD, Sandra R. Gutman, Chief Solicitor

(Thurman W. Zollicoffer, Jr., City Solicitor on the brief for appellee, Mayor & City Council), for appellees.

SONNER, DEBORAH S. EYLER and MARVIN H. SMITH, (Retired, specially assigned), JJ.

SONNER, J.

A resident who lives nearby an apartment building that houses nine AT & T telephone antennas on its roof has appealed a decision from the Circuit Court for Baltimore City. He claims that the upgrading of the equipment on the roof expanded the conditional use of the building. The circuit court held that the Board of Municipal and Zoning Appeals did not have to provide notice and a hearing before granting approval of AT & T's action. We affirm that decision.

On March 7, 1996, AT & T applied to the Board of Municipal and Zoning Appeals to erect rooftop telecommunications radio towers and electronic equipment at Belvedere Towers, an eight-story apartment building located in a residential zoning district. The radio towers provide links in the Baltimore area for AT & T's national wireless telecommunications system. At the hearing thereafter, no one spoke in opposition. In fact, the North Roland Park Improvement Association,[1] Baltimore City Fire Department, and the Baltimore City Department of Transportation all went on record by letters to the Board as being not opposed.

The Board subsequently approved the conditional use, which no one appealed, and consequently that decision received no subsequent review. AT & T constructed the towers and enclosed the requisite electronic equipment inside a 350–square–foot rooftop penthouse compartment. None of that electronic equipment is visible from outside the Belvedere Towers.

---

1. The North Roland Park Improvement Association may have been particularly concerned with what went on at the Belvedere Towers because it formed in 1962 for the specific, and ultimately futile, purpose of blocking the construction of that apartment building.

Four years later, in 2000, AT & T determined that it needed to improve the capacity of the materials at the Belvedere Towers to process cellular telephone calls. Cautiously, it sought administrative approval of its intention to upgrade the system, by writing to Susan Williams on the planning staff of the Board. Ms. Williams, by memorandum to the Board, responded that since the changes were not visible, there should be no objection. Also, out of an abundance of caution, AT & T contacted several neighborhood associations about the proposed improvements and succeeded in stopping any organized opposition. Nevertheless, one resident, Hunter Cochrane, appellant, did object, and after the Board, by resolution, approved AT & T's request, he noted an appeal to the circuit court, which upheld the Board, following a hearing.

In this appeal, Mr. Cochrane raises the following issues:

I.    Whether the circuit court erred in its finding that appellant did not have standing to bring an appeal of the Board's action.

II.   Whether the amended conditional use was a change or expansion pursuant to the Baltimore City Zoning Code ... so as to trigger the notice and hearing requirements of [that] Code....

III.  Whether the circuit court's tacit refusal to accept proffered evidence and testimony relating to appellant's standing was an abuse of discretion.

Because we decide that there was no decision from which appellant could appeal, we affirm.

The controlling statute is the Baltimore City Zoning Code (2000), which details the general procedures for holding a public hearing, as well as the specific process for obtaining a conditional use permit. Presumably, the Board followed the Code, both in holding a public hearing and granting the conditional use in 1996. We consider only whether the Board complied with the Code in 2000, when it responded to AT & T's request to update the equipment.

Section 3-306(b)(2) of the Code states:

(2) any change to [a conditional] use, including any expansion, relocation, or structural alteration, is subject to the procedures and requirements imposed by this article on conditional uses.

The referenced "procedures and requirements" include a public hearing. Naturally, then, if the proposed change would create an expansion, rather than merely in the nature of an intensification, the Board must begin the notification and deliberation process anew.

Here, however, there was no change to AT & T's conditional use of the Belvedere Towers. AT & T did not seek to expand, move, or otherwise alter the structure of the antennas or electronic equipment. Nor did it seek to change the sight or sound of the materials in a way that would have an impact upon the neighborhood. Instead, AT & T merely engaged in maintenance, upgrading its equipment to keep the system functional as cellular telephone use increased.

Because there was no change in use, the Board's decision was not subject to the "procedures and requirements" of the Code. In other words, the maintenance in which AT & T engaged simply did not warrant the kind of deliberation that attaches to an original application for conditional use or the kind of focused attention that a public hearing provides. Our decision moots the standing issues raised by Cochrane; he can have no interest in a hearing that never had to be held.

It seems to us that AT & T could have made these changes without notifying the Board or the neighborhood associations. We appreciate the public benefit of having AT & T relate its maintenance plans to the Board and the people who live near the towers, especially to explain that the proposed action would not affect the legitimate interests of the neighborhood. That voluntary communication, however, did not entangle AT & T in the web of procedures that are necessary for the resolution of substantial questions of public concern.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED; APPELLANT TO PAY COSTS.**